IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          :
                            :          ID No. 1911007488
                            :          In and for Kent County
          v.                :
                            :
ERNEST JONES,               :
                            :
          Defendant.        :
                            :
                            :

**ORDER**

Submitted: September 4, 2020
Decided: September 24, 2020

On this 24th day of September 2020, having considered Defendant Ernest Jones's motion to suppress, and the State's response, it appears that:

1. Mr. Jones moves the Court to suppress evidence seized by the Smyrna Police Department. He challenges the sufficiency of a warrant authorizing the search of his residence at 43 West Commerce Street, Apartment 4, in Smyrna (hereinafter the "Residence").

2. Because Mr. Jones challenges the sufficiency of a warrant, the facts recited in this Order are limited to those referenced in the four corners of the probable cause affidavit. Those facts center on four separate events. First, the affidavit recites unspecified business owner complaints that, over "a few months," Mr. Jones sold drugs on Commerce Street in Smyrna. Second, the affidavit recites a controlled

purchase of heroin involving Mr. Jones at a separate address on East North Street in Smyrna. Third, the affidavit recites statements by an individual who suffered from a drug overdose -- he or she identified Mr. Jones as a heroin supplier. Fourth, it recites facts that demonstrate that Mr. Jones lived at the Residence.

3. On November 13, 2019, the Smyrna Police arrested Mr. Jones near his place of work. On the same day, they executed the search warrant at issue. Pursuant to their search, they seized 7.7 grams of marijuana and 9.345 grams of heroin. As a result, they charged him with Aggravated Possession, Maintaining a Drug Property, Conspiracy Second Degree, and two counts of Endangering the Welfare of a Child.

4. In a motion to suppress that challenges the validity of a search warrant, the defendant bears the burden of proving that the search or seizure was unlawful.[1] A search warrant affidavit "must, within [its four corners], set forth facts adequate for a judicial officer to form a reasonable belief that an offense has been committed and the property to be seized will be found in a particular place."[2] Magistrates' decisions "should be paid great deference by reviewing courts."[3] Nevertheless, there must be a logical nexus between the items sought and the place to be searched.[4] As in all probable cause determinations, the totality of the circumstances controls.[5] Most

---

[1] *State v. Friend*, 2016 WL 7232170, at *3 (Del. Super. Ct. Dec. 13, 2015) (citations omitted).
[2] *Id.*
[3] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013).
[4] *State v. Harding*, 2017 WL 1018409, at *2 (Del. Super. Ct. Mar. 13, 2017) (citations omitted).
[5] *Id.*

2

relevant to this case, the affidavit must permit an impartial judicial officer to reasonably conclude that contraband would be found at a given location.[6]

5.  Mr. Jones raises four arguments in his motion to suppress.  The Court need address only one: whether the probable cause affidavit recited sufficient facts to support a finding that there was a logical nexus between Mr. Jones's illegal drug activity and his residence.

6.  Here, the affidavit supports a finding of probable cause that Mr. Jones sold heroin.  Likewise, it supports a finding that he lived at the Residence.  It does not, however, support a finding that there was a logical nexus between the two.  Namely, the affidavit contains only two recited facts that could arguably support a nexus. They include (1) unspecified business owners' complaints that Mr. Jones sold drugs on Commerce Street (on the same street as the Residence), and (2) the affiant's recitation that he followed Mr. Jones back to the Residence *after* a single drug transaction that occurred at a separate residence.  Even given the required deference, these facts were insufficient to support the magistrate's finding of a fair probability that the police would find contraband inside the Residence.

7. The authority that the parties cite supports this holding.  First, the State and Mr. Jones both rely upon the Superior Court's decision in *State v. Cannon.*[7]  That

---

[6] *Jones v. State*, 28 A.3d 1046, 1057 (Del. 2011).
[7] 2007 WL 1849022 (Del. Super. Ct. June 27, 2007).

decision, as in the case at hand, turned on the lack of a logical nexus between a defendant's illegal activity and his residence.[8] The facts recited in the *Cannon* affidavit demonstrated probable cause as to Cannon's illegal activity.[9] It provided insufficient facts, however, to support finding a nexus to the defendant's home.[10] As a result, the Superior Court suppressed the evidence.[11]

8. Likewise, in *State v. Ada,*[12] in a case very similar to the one at hand, the Superior Court suppressed evidence found after a search of the defendant's residence. There, as here, the probable cause affidavit included strong evidence of illegal drug trafficking.[13] Likewise, as here, it provided strong evidence that the defendant lived at a certain location.[14] Furthermore, similar to the circumstances in the case at hand, a detective observed the defendant leaving the residence (as opposed to going to the residence) with a duffle bag.[15] Finally, the affidavit in the *Ada* case went further than the affidavit targeting Mr. Jones's residence. Namely, it also included the opinion of an officer that drug dealers commonly store their drugs at their premises.[16] On those facts, the Superior Court found that the affidavit did

---

[8] *Id*. at *6.
[9] *Id*. at *5.
[10] *Id*.
[11] *Id*. at *6.
[12] 2001 WL 660227, at *5 (Del. Super. Ct. June 8, 2001).
[13] *Id*. at *1-2.
[14] *Id*.
[15] *Id*. at *5.
[16] *Id*.

not sufficiently support the required nexus. Its decision turned on the fact that the affidavit recited no facts supporting any illegal or suspicious activity at that residence.[17]

9. The State also relies upon the Delaware Supreme Court decision in *Bradley v. State*.[18] The Supreme Court's reasoning in that case also supports suppression in Mr. Jones's case. Namely, the Supreme Court upheld a search warrant that targeted a garage in a case where the affidavit referred to a documented incident of illegal activity in the garage and a separate incident of highly suspicious activity in the garage.[19] On that basis, the Supreme Court distinguished its facts from those in the Superior Court's *Cannon* and *Ada* decisions.[20] When doing so, the Supreme Court emphasized that neither *Cannon* nor *Ada* case involved illegal or suspicious activity observed at the subject residences.[21] Likewise, there were no observations of illegal or suspicious activity recited in the affidavit addressing Mr. Jones's apartment.

10. On balance, an affidavit in support of a warrant to search one's home must support the finding of a nexus between the illegal activity and the residence. Namely, it must permit the reasonable conclusion that there was a fair probability

---

[17] *Id.*
[18] 2019 WL 446548 (Del. 2019).
[19] *Id.* at *5-7.
[20] *Id.* at *5.
[21] *Id.*

that the police would find contraband in that residence.  Here, the affidavit did not and the Court must suppress the seized evidence as a result.

WHEREFORE, Defendant Ernest Jones's motion to suppress must be **GRANTED**.

**IT IS SO ORDERED.**

<u>/s/Jeffrey J Clark</u>
Judge